[No. 10857.    Department One.    April 4, 1913.]

WASHINGTON CHARCRETE COMPANY, *Respondent*, v. A. D. CAMPBELL *et al.*, *Appellants.*[1]

CONTRACTS—VALIDITY—RESTRAINT OF TRADE. An agreement by the seller of a plant for the manufacture of laundry trays, cement blocks and concrete products, not to reenter in such business in the states of Washington and Oregon for a period of five years, is not void as in restraint of trade, upon its face, since the covenant may have been reasonably necessary to the success of the business.

Appeal from a temporary restraining order of the superior court for King county, Albertson, J., entered July 2, 1912. Affirmed.

*Peterson & Macbride*, for appellants.

*Munn & Brackett*, for respondent.

MOUNT, J.—The trial court issued a restraining order in this case, enjoining the defendants from manufacturing or selling laundry trays within the state of Washington, and from soliciting the patronage of present or former customers of the plaintiff. The defendants have appealed from that order.

The facts are not disputed. It appears that on October 30, 1911, the plaintiff, a Washington corporation, purchased from the defendants a plant located in Seattle for the manufacture of laundry trays, cement blocks, and concrete products. At the time of the sale a written contract was entered

[1]Reported in 131 Pac. 208.

into, reciting the consideration for the sale and describing the property conveyed. This contract contained a provision as follows:

"As a further part of the consideration of said sale parties of the first part [being the defendant Campbell and others] each for himself agrees that he will not either on his own account or as an employee for another, re-enter the business of manufacturing or selling laundry trays in the states of Washington or Oregon within a period of five years from the date of this instrument.

"Dated at Seattle, Washington, this 30th day of October, A. D. 1911."

The defendants are threatening to enter into said business in violation of the terms of the contract.

The point argued in the briefs upon this appeal is that the contract is void upon its face, being a contract in restraint of trade, and because the restrictive clause is wider than the boundaries of the state. There is apparent conflict in the authorities upon the question presented here. But we are satisfied that the general rule as supported by the great weight of authority, is that, where the vendor sells the good will of a business, he is bound by any covenant which is reasonably necessary for the success of the business or the preservation and protection of the property which he sells. The limit of time and territory contained in such covenant depends for its validity upon the character and extent of the business, as existing at the time of the sale and reasonably to be anticipated as necessary for the successful conduct of the business in the future. Nearly all the authorities cited in the briefs in this case, and many not so cited, will be found in the note to *Allen Mfg. Co. v. Murphy*, 22 Ont. Law Rep. 539, reported in 20 Ann. Cas. 661. This note shows that a majority of the courts "have declined to declare such contracts invalid simply because of their territorial extent," and then cites numerous cases holding that contracts covering entire states, and contracts covering more than one state, and also covering the whole United States, have been declared

valid, depending upon the nature and extent of the business. In the same note the cases relied upon by the appellants here are also cited.

We deem it unnecessary to further recite or comment upon the cases here. In this case the property sold was a manufacturing plant for laundry trays and other products of like nature. Naturally the market for such products would not be merely local, but might reasonably extend to the limits of the state and possibly beyond. It is plain from the contract itself that the parties to it understood that the business would extend beyond the limits of the state, if it had not already at that time done so, because the contract provides that the vendors will not "re-enter the business of manufacturing or selling laundry trays in the states of Washington or Oregon;" the inference being clear that the business at that time had extended to those limits. In *Knapp v. S. Jarvis Adams Co.*, 135 Fed. 1008, the court said:

"All such covenants do in some degree restrain trade. Whether the restraint is permissible by law depends upon the facts. The party who alleges that the restraint is such as to be in law obnoxious is bound to prove the facts which make it so. There can be no presumption, from the fact that there is some restraint in the instant case, that it is an unlawful one. With respect to the territory to which the restriction should apply, the rule has always been that it might extend to the limits wherein the plaintiff's trade would be likely to go."

The appellants in this case make no showing that the contract is in fact in restraint of trade. They rely wholly upon the face of the contract. This contract upon its face is valid, according to the great weight of authority, as we have seen above.

The order appealed from is therefore affirmed.

CROW, C. J., GOSE, PARKER, and CHADWICK, JJ., concur.